■ CARMEN CARABOTT, Respondent, v. OTTO MAY, Appellant.— In a negligence action to recover damages for personal injury, judgment of the Supreme Court, Kings County, entered April 27, 1966, in favor of plaintiff against defendant Otto May, upon a jury verdict, reversed, on the law and the facts, and new trial granted, with costs to abide the event. The same deficiencies in the proof adduced at an earlier trial of this action (*Carabott* v. *May*, 21 A D 2d 824) continue to persist. Christ, Acting P. J., Hopkins, Munder and Martuscello, JJ., concur; Benjamin, J., dissents and votes to affirm the judgment, with the following memorandum: Defendant is a used car dealer who, 10 days before the accident, sold the $40 car involved in the accident without first having it officially inspected. Plaintiff was a passenger in that car. In my opinion, there was sufficient proof adduced to support reasonable inferences that defective brakes caused the accident and that the defects existed at the time the car was sold by defendant, since (a) plaintiff testified that immediately before the collision she saw the driver "pumping up and down on the brake," but the car did not slow down; (b) another passenger in the car testified that just before the collision the driver excitedly called out, "The brakes", three or four times, and the car did not slow down before the impact; (c) a mechanic who towed the car away from the accident scene shortly after the accident and examined the brakes the next day testified that the brakes were badly worn, that they might stop the car sometimes and might not stop it at other times, and that the worn condition of the brakes was of long standing. Such showing was sufficient to support the verdict against defendant. Apart from the foregoing, it seems to me that a $40 "jalopy" is presumptively unfit to be certified for roadability, as required by section 417 of the Vehicle and Traffic Law. And the evidence in this case supports that presumption and an inference that the giving of a section 417 certificate by defendant was a violation of that section because the certificate was known by him to be false.